IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | 1:11cr343 (JCC) |
| | ) | |
| RASHEED ADEWALE MARTINS, | ) | |
| | ) | |
| Petitioner. | ) | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Petitioner *pro se* Rasheed Adewale Martins' Motion for Return of Cash Seized (the Motion). [Dkt. 29.] For the following reasons, the Court will deny Petitioner's Motion.

### I.  Background

On June 8, 2011, Petitioner was stopped at the Dulles International Airport by Customs and Border Protection (CBP). (Resp. [Dkt. 34] at 1-2.) CBP officers observed that Petitioner was in pain and sweating. (Resp. at 2.) During the inspection, CBP officers seized $2,800 in U.S. currency from Petitioner. (*Id.*) CBP officers then transported Petitioner to a hospital, where Petitioner passed from his body pellets containing 1.43 kilograms of heroin. (*Id.*)

While at the hospital, Petitioner told an Immigration and Customs Enforcement agent that he had been offered $13,000

1

to smuggle drugs into the United States. (*Id.*) And that on June 7, 2011, Petitioner had been given an advance of $3,000 along with the pellets to swallow. (*Id.*) Petitioner was informed that he would receive the remaining $10,000 after delivering the heroin to the United States. (*Id.*)

On June 21, 2011, CBP sent Petitioner a letter informing him that the $2,800 was subject to administrative forfeiture pursuant to 19 U.S.C. § 1595(a). (Resp. at 2-3.) The notice attached to the letter informed Petitioner that the forfeiture resulted from the fact that the money was for facilitating the importation of heroin. (*Id.*) Petitioner asked CBP to consider his petition for the money administratively and in September 2011, CBP denied the petition. (Resp. at 4-5.*)* Petitioner then failed to contest the denial by filing a supplemental petition and on December 1, 2011, the money was forfeited to the United States. (Resp. at 5.)

On January 9, 2012, Petitioner filed a motion asking this Court to order the return of the money seized to Petitioner. [Dkt. 29.] On February 17, 2012, pursuant to this Court's order, the United States filed a response. [Dkt. 34.]

Petitioner's Motion is now before the Court.

## II. Analysis

Petitioner's Motion does not identify any statute, regulation, or rule that would provide a ground for authorizing

2

the relief Petitioner seeks.  Petitioner has already litigated the merits of the forfeiture in an administrative proceeding. And the Federal Rules of Criminal Procedure do not permit collateral challenges to administrative forfeiture adjudications.  *See* Fed. R. Crim. P. 1(a)(5)(B) (noting that the rules do not apply to civil property forfeitures for violating a federal statute).  Instead, Petitioner's exclusive remedy for challenging a declaration of forfeiture under a civil statute is to file pursuant to the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983, 985 and 28 U.S.C. § 2465(b).  Petitioner has failed to file such an action.  And, the Court otherwise notes that "[i]t is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law."  *In re Sixty Seven Thousand Four Hundred Seventy Dollars*, 901 F.2d 1540, 1545 (11th Cir. 1990).

### III.  Conclusion

For these reasons, the Court will deny Petitioner's Motion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| March 1, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

3